PER CURIAM.
The Florida Bar Traffic Court Rules Committee petitions this Court to approve its proposed amendments to the Florida Rules of Traffic Court. We have jurisdiction. Art. V, § 2(a), Fla. Const. We approve, in toto, the proposed changes and summarize below the substantive effect of these changes.
Rule 6.340 has been completely revised to conform to the common practice of attorneys practicing in the Florida traffic courts. Subdivisions (a), (b), and (c), which were entitled “Acceptance of Admission,” “Appearance in Court,” and “Affidavit of Defense,” respectively, have been removed and replaced with new subdivisions entitled “Appearance in Court,” “Posting of Bond,” and “Attorney Representation.” The sample “Affidavit of Defense” is removed from the 1974 Committee note, amended, and placed within subdivision (d) of the new rule. It now includes an “Admission and Waiver of Appearance.”
Rule 6.445, entitled “Discovery: Infractions Only,” allows a defendant who has been cited for a speeding infraction to obtain any “relevant supporting” documentation regarding the electronic or mechanical speed measuring device used by the citing officer. The documentation must be available “immediately before” the infraction hearing. A precondition to discovery of the documentation is that the citing officer has the documentation in his possession at the time of trial.
Rule 6.630(n) is changed to require defendants, within thirty days of their traffic citation, to request in writing that their case be assigned to a county judge. The request no longer needs to be contained in the defendant’s notice of appearance or written plea.
Lastly, pursuant to the enactment of chapter 94-202, Laws of Florida, all references in the rules to traffic “magistrates” have been replaced with the term traffic “hearing officers.”
The text of the amended portions of the rules is appended to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered only for explanation and are not adopted as an official part of the rules. These amendments shall be effective January 1,1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULES OF PRACTICE AND PROCEDURE FOR TRAFFIC COURTS
I. SCOPE, PURPOSE, AND CONSTRUCTION
RULE 6.010. SCOPE
(a) Application. These rules govern practice and procedure in any traffic case and specifically apply to practice and procedure in county courtsT and, if applicable, to before civil traffic infraction hearing officers appointed as traffic magistrates.
(b) Part III. The rules under Part III of these rules apply to all criminal traffic offenses, whether prosecuted in the name of the state or any subdivision of it.
(c) Part IV. The rules under Part IV of these rules apply only to traffic infractions adjudicated in a court of the state, whether by a county court judge or civil traffic infraction hearing officer appointed as a — traffic magistrate.
*1243 Committee Notes
1990 Amendment. The statutory authorization of civil traffic infraction hearing officers by chapter 89-337, Laws of Florida, necessitates reference to such hearing officers (statutorily referred to interchangeably as magistrates) in the traffic coart rules. Reference in the proposed rule to traffic magistrate rather than merely magistrate is designed to distinguish the former from other magistrates, especially in relation to the applicability of the Code of Judicial Conduct (see section of code entitled “Compliance with the Code of Judicial Conduct”), thereby avoiding the possibility of conflict with authorizing statute.
1992 Amendment. Because traffic violations are contained in several chapters of Florida Statutes, references to chapter 318 have been deleted to eliminate latent inconsistencies.
1996 Amendment. Enactment of chapter 94-202, Laws of Florida, necessitated the deletion of all references in the rules to traffic “magistrates” in favor of the term traffic “hearing officers.”
II. GENERAL PROVISIONS
RULE 6.040. DEFINITIONS
The following definitions apply:
(a) “Court” means any county court to which these rules apply and the judge thereof or any civil traffic hearing officer program and the traffic magistratehearing officer thereof.
(b) “Charging document” means any information, uniform traffic citation, complaint affidavit, or any other manner of charging a criminal traffic offense under law.
(c) “Judge” means any judicial officer elected or appointed by the governor authorized by law to preside over a court to which these rules apply.
(d) “Law” includes the constitutions of the United States and the State of Florida, statutes, ordinances, judicial decisions, and these rules.
(e) “Oath” includes affirmations.
(f) “Clerk” means clerk of the initiating court or trial court.
(g) “Open court” means in a courtroom as provided or judge’s or traffic magistrate&hearing officer’s chambers of suitable judicial decorum.
(h) “Prosecutor” means any attorney who represents a state, county, city, town, or village in the prosecution of a defendant for the violation of a statute or ordinance.
(I)“Criminal traffic offense” means a violation that may subject a defendant upon conviction to incarceration, within the jurisdiction of a court to which these rules apply.
(j) “Warrant” includes capias.
(k) “Infraction” means a noncriminal traffic violation that is not punishable by incarceration and for which there is no right to a trial by jury or a right to court-appointed counsel.
(l) “Official” means any state judge or traffic magistratehearing officer authorized by law to preside over a court or at a hearing adjudicating traffic infractions.
(m) “Department” means the Department of Highway Safety and Motor Vehicles, defined in section 20.24, Florida Statutes, or the appropriate division thereof.
(n) “Officer” means any enforcement officer charged with and acting under authority to arrest or cite persons suspected or known to' be violating the statutes or ordinances regulating the operation of equipment or ve: hides or the regulation of traffic.
(o) “Infraction requiring a mandatory hearing” refers to an infraction listed in section 318.19, Florida Statutes, which requires an appearance before a designated official at the time and location of the scheduled hearing.
(p) “Traffic magistratehearing officer” means an official appointed under the civil traffic infraction hearing officer systerapro-gram who shall have the power to adjudicate civil traffic infractions subject to certain exceptions.
Committee Notes
1990 Amendment. In order to accommodate both the court and hearing officer pro *1244 gram as alternative sources for the adjudication of civil infractions, the definition of court has been expanded. The term judge has been redefined to limit its reference to only county court judges and the reference to official has been expanded to include the traffic magistrate. In addition, a separate definition for traffic magistrate has been added.
1992 Amendment. Defines charging document and more precisely defines criminal traffic offense.
1996 Amendment. Enactment of chapter 94-202, Laws of Florida, necessitated the deletion of all references in the rules to traffic “magistrates” in favor of the term traffic “hearing officers.”
RULE 6.080. IMPROPER DISPOSITION OF TRAFFIC TICKET
Any person who solicits or aids in the disposition of a traffic complaint or summons in any manner other than that authorized by the court or shallwho willfully violates any provision of these rules shall be proceeded against for criminal contempt (in the manner provided in these rules). However, a traffic magistratehearing officer shall not have the power to hold any person in contempt of court, but shall be permitted to file a verified motion for order of contempt before any state trial court judge of the same county in which the alleged contempt occurred. Such matter shall be handled as an indirect contempt of court pursuant to the provisions of Florida Rule of Criminal Procedure 3.840.
Committee Notes
1990 Amendment. This rule expands the statutory mandate of Chapter 89-337, section 3(1) which deprives magistrates of the power of contempt with respect to defendants only. The rule extends the prohibition of a magistrate’s direct contempt powers to cover any person. The Committee expressed concern that if the contempt prohibition were limited to only the defendant, it might be assumed that such powers existed with respect to others such as attorneys, court personnel and witnesses. This rule also incorporates reference to the provisions of Florida Rule of Criminal Procedure 3.4803.840 by specifying that magistrates may initiate indirect contempt proceedings by filing a verified motion for order of contempt pursuant to the Rule of Criminal Procedure.
1996 Amendment. Enactment of chapter 94-202, Laws of Florida, necessitated the deletion of all references in the rules to traffic “magistrates” in favor of the term traffic “hearing officers.”
RULE 6.130. CASE CONSOLIDATION
When a defendant is cited for the commission of both a criminal and a civil traffic violation, or both a civil traffic infraction requiring a mandatory hearing and a civil traffic infraction not requiring a hearing, the cases may be heard simultaneously if they arose out of the same set of facts.
However, in no case shall a traffic magis-tratehearing officer hear a criminal traffic case or a case involving a civil traffic infraction issued in conjunction with a criminal traffic offense.
Under any of these circumstances the civil traffic infraction shall be treated as continued for the purpose of reporting to the department. Prior to the date of the scheduled hearing or trial, a defendant may dispose of any nonmandatory civil traffic infraction in the manner provided by these rules and section 318.14, Florida Statutes.
Committee Notes
1990 Amendment. The rule on case consolidation is proposed-to-bewas amended to include language from chapter 89-337, Laws of Florida, which prohibits traffic magistrates from hearing civil infractions arising out of same facts as criminal traffic offenses.
1996 Amendment. Enactment of chapter 94-202, Laws of Florida, necessitated the deletion of all references in the rules to traffic “magistrates” in favor of the term traffic “hearing officers.”
IV. TRAFFIC INFRACTIONS
RULE 6.340. RULE ON ADMISSION THAT TRAFFIC INFRACTION WAS COMMITTED; — AFFIDAVIT - OF — DEFENSE
(a) Acceptance of- Admission, — If any-defendant-admits that a traffic infraction was committed, the official-shalLset the civil-pen *1245 alty and enter judgment-accordingly-and for this purpose -may hear evidence on -the-nature of the case. — After- the- healing the official has the discretion to refuse to accept-the admission*
(b) Appearance-in Court. — No admission shall be received by the court other-than-by appearance of the defendant or the defendant’s attorney-in-open court or as provided in-these-rules or by statute. -The-acceptance by a court of a- signed-admission or waiver of trial contrary to the provisions of these-ru-les or-statutory law is forbidden*
(c) Affidavit of Defense.
(1) Any defendant charged with the commission of a-tra-ffic infraction who is not a resident-of or domiciled in-the-eo-unty where the alleged infraction took place may-file-a written statement-setting forth-facts-j-us-tify-ing--the-filing of an affidavit-of defense or file an affidavit of defense directly if practicable upon posting a reasonable-bond set by the official.
(2) Any defendant charged with the commission of a traffic-infraction who is a resident of-or domiciled in the county where the alleged infraction took-place, if unable-to appear — because of an -extendecb-i-i-l-ness or extended absence from the county,-may file a written statement setting forth facts-justifying the filing-of-an affidavit of defense-oi-file an affidavit of-defense directly if practicable upon posting a reasonable-bond set by the official*
(3) If a written-statement of facts-is--fiied and, in the opinion of -the-o-fficial, it affirmatively appears from these facts that the interests of justice-mil-best be served by allowing the-defendant to file an-affidavit of defense, the- affidavit, upon the posting of a reasonable cash appearance-bond-set by the official,■ may be filed -with- the clerk of the court-or the traffic-violations bureau*
(4) An affidavit- shall-be-sworn to before-a notary public, deputy clerk, ■ or-c-lerk — Upon acceptance- of an affidavit by--an--official it shall be accepted as an -appearance. — As affidavit shall -be-accepted-when a mandatory hearing is required to - either -deny-or-ad-mit the commission of the infraction- or -as-an appearance denyfng-the-eommissien- of the infraction- when-no-ma-ndatory hearing is required* — The- affidavit shall be considered in eyidence-by-the-official presiding at the time when the case is scheduled for hearing and the case may be adjudicated on evidence offered in support of the complaint- and--the affidavit.
AFFIDAVIT OF DEFENSE OR ADMISSION AND WAIVER OF APPEARANCE
(a) Appearance in Court. Any defendant charged with an infraction may, in lieu of a personal appearance at trial, file an affidavit of defense or an admission that the infraction was committed as provided in this rule.
(b) Posting of Bond. The trial court may require a bond to be posted before the court will accept an affidavit in lieu of appearance at trial. The defendant shall be given reasonable notice if required to post a bond.
(c) Attorney Representation. If a defendant is represented by an attorney in an infraction case, said attorney may represent the defendant in the absence of the defendant at a hearing or trial without the defendant being required to file an affidavit of defense. The attorney shall file a written notice of appearance. The attorney may enter any plea, proceed to trial, present evidence other than the defendant’s statements, and examine and cross examine witnesses without the defendant being required to file an affidavit of defense. Nonetheless, a defendant represented by an attorney may file an affidavit of defense. If a represented defendant files such an affidavit, the affidavit must be signed and properly notarized, subjecting the affiant to perjury prosecution for false statements.
(d) Sample Affidavit of Defense or Admission and Waiver of Appearance.
[[Image here]]
*1246 [[Image here]]
*1247 [[Image here]]
*1248 [[Image here]]
■NQTEj — Th-is-Affidavit will be presented-to the presiding official together--wlth--the-com-plaint against you-on-the-date noted on your copy-of-the-complaint or as soon thereafter as-possible, — You will be advised by mail-of the-result, and will, at that time, receive-from the court a check covering-the-bala-nee-of your bond, after deduction of-penaltyy-if-any is imposed. — The judges of--this-cour-t-reserve the right to compel personal--appeamnce-as may-be-determined by the gravity-or-seriousness of the-offense- charged.
1988 -Amendment. In order to provide-for uniform application of-the-affidavit of defense procedure throughout the state,- the proposed amendment-would-require the clerk to accept such affidavits (under-the-appropgiate circumstances) rather than placing-the-question of-aceeptance within the discretion--of-the clerk*
1996 Amendment. The committee completely revised this rule to conform to the common practice of attorneys practicing in the traffic courts of Florida.
RULE 6.445. DISCOVERY: INFRACTIONS ONLY
If any relevant supporting documentation regarding the electronic or mechanical speed measuring device used by, the citing officer is in said officer’s possession at the time of tidal, the defendant or defendant’s attorney shall be entitled to review said documentation immediately before that trial.
RULE 6.630. CIVIL TRAFFIC INFRACTION HEARING OFFICER PROGRAM; TRAFFIC MAGISTRATESHEARING OF-FICERSCTRANSITION RULE)
Effeetive-Qe-tober 1, 1989, pursuant-to-the authority of article-V,-section 1, Florida Constitution,-and-chapter 89-337, Laws-of-F-lor-i-da, a civil traffic infractions heai-ing-offieer program is authorized. — Pursuant to the authority of chapter 89-337,-Laws of Flori-darsections 318.30-318.38, Florida Statutes, and article V, section 2, Florida Constitution, this court adopts the following rules and procedure for the pilotCivil Traffic Infraction Hearing Officer Program designed to test the feasibility- of-establ-ishing-a statewide program:
(a) Eligibility of County. Pursuant to section 318.30, Florida Statutes, aAny county in which the civil-traffic — infraction caseload for the immediately-preceding calendar year was in-excess — of 15,000 hearings shall be eligible to participate in the pilot-Civil Traffic Infraction Hearing Officer Program.
(b) Participation. Any county electing to participate in the program shall be subject to the supervision of thisthe Florida Supreme Ceourt -and — shall assist in the feasibility study. The decision on whether to participate shall be made by the chief judge.
(c) Appointment of MagistratesTraffic Hearing Officers. The appointment of such hearing officers, to ■ be ■ designated “traffic magistrates,- shall be made by the chief judge, after consultation with the county judges in the county affected, and shall be approved by the chief justice. Once approval has been granted by the chief justice, the traffic magistrateshearing officers shall serve at the will of the chief judge.
(d) Jurisdiction. Traffic magistrateshear-ing officers shall have the power to accept pleas from defendants, hear and rule upon motions, decide whether a defendant has committed an infraction, and adjudicate or withhold adjudication in the same manner as a county court judge. However, a traffic magistratehearing officer shall not:
*1249 (1) have the power to hold any person in contempt of court, but shall be permitted to file a verified motion for order of contempt with an appropriate state trial court judge pursuant to Florida Rule of Criminal Procedure 3.840;
(2) hear a case involving an accident resulting ininjury_ordeath; or
(3) hear a criminal traffic offense case or a case involving a civil traffic infraction issued in conjunction with a criminal traffic offense.
(e) Appeals. Appeals from decisions of a traffic magistratehearing officer shall be to circuit court pursuant to the relevant provisions of the Florida Rules of Appellate Procedure in the same manner as appeals from the county court, except that traffic magis-trateshearing officers shall not have the power to certify questions to district courts of appeal. The appellant shall be responsible for producing the record for such appeal.
(f) Membership in The Florida Bar. A traffic magistratehearing officer shall be a member in good standing of The Florida Bar.
(g) Training. Traffic magistrateshearing officers shall be required to complete training approved by the supreme court.
(h) Hours. Traffic magistrateshearing officers may serve either full time or part time at the discretion of the chief judge.
(i) Code of Judicial Conduct. All traffic magistrateshearing officers shall be subject to the Code of Judicial Conduct in the same manner as part-time judges, except that they shall be exempt from Canon 6B and C and the first portion of provision A(2) of the compliance section of the code, which prohibits a part-time judge from practicing in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves. Whether full-time or part-time, traffic magistra-teshearing officers shall be prohibited from representing clients or practicing before any official in any county court traffic matter or from representing any client appealing any county court traffic decision.
(j) Implementation of Program. In any county electing to establish a pilot-program, the chief judge shall develop a plan for its implementation and shall submit the plan to the Office of the State Courts Administrator. Funds for the pilot program are toshall be used for traffic hearing officer program salaries, provided that the traffic magistrates!^ earing officers shall be paid no more than $2050 per horn1, and other necessary expenses, such as training, office rental, furniture, and administrative staff salaries. Any county electing to establish a püettraffic hearing officer program shall provide the funds necessary to operate the program.
(k) Robes. Traffic magistrateshearing officers shall not wear robes.
(l) Evaluation of Program, — The evaluation of the pilot project shall be conducted by theOffiee of the State Courts Administrator-All court-related personnel involved in the program shall assist in the feasibility study.
(ml) Concurrent Jurisdiction. A county judge may exercise concurrent jurisdiction with a traffic magistr-atehearing officer.
(am) Assignment to County Judge. On written request of the defendant, contained in a notiee-e-f appearance or written pleawith-in 30 days of the issuance of the uniform traffic citation, the case shall be assigned to a county judge regularly assigned to hear traffic matters.
Committee Notes
1990 Adoption. The rule attempts to incorporate relevant provisions of chapter 89-337, Laws of Florida, with minor modifications.
The provision in subdivision (c) that the traffic magistrate shall serve at the will of the chief judge is implicit in chapter 89-337, and is believed to be a good policy since it makes irrelevant consideration of the necessity of any involvement by the Judicial Qualifications Commission.
(d)(1) See 1990 Committee Note concerning rule 6.080.
In relation to subdivision (e) on appeals, the subcommittee believes that the addition of the language on the certifications to district courts, while making an obvious point, would avoid any possible confusion. It was also the consensus that there would be no need to recommend amendments to the Flor *1250 ida Rules of Appellate Procedure since rules 9.030(b)(4)(A) and 9.030(c)(1)(A) would appear to cover the matter adequately without further amendment.
Subdivision (g) goes into less detail concerning the actual length of training (40 hours preservice/10 hours continuing) required by chapter 89-337. A special plan for such training will be provided separately, including a recommendation for the waiver of such training for • recently retired county court judges.
This rule expands the statutory prohibition of chapter 89-337, section 7, which prohibits traffic magistrates from practicing before other civil traffic magistrates and handling traffic appeals. The committee expressed concern that a limited prohibition extending only to practice before other magistrates might be read as condoning magistrate practice in traffic cases in front of county court judges. Given the contemplated relationship between county court judges and magistrates in education, training, and professional duties, such practice would give the appearance of conflict and should be prohibited.
In relation to subdivision (k), it was the opinion of the subcommittee that the wearing of robes might lead to confusion and interfere with the informal setting of the hearings.
1990 Amendment. Amendment of section 318.30, Florida Statutes (1990), reduced the case load requirement from 20,000 to 15,000 for purposes of allowing a county’s participation in the Civil Traffic Infraction Hearing Officer Program. This amendment is necessary to conform the rule to the provisions of the amended statute.
1995 Amendment. Language was added to subdivision (d) to make it clear that hearing officers/magistrates can hear and rule upon motions, such as continuance motions, and otherwise handle normal motion practice in infraction cases.
1996 Amendment. Enactment of chapter 94-202, Laws of Florida, necessitated the deletion of all references in the rules to traffic “magistrates” in favor of the term traffic “hearing officers.”
Subsection (a) reflects the legislative intent of section 318.30, Florida Statutes (1994). No longer is a minimum number of cases required before a county can establish a traffic infraction hearing officer program.
Changes to subsection (m) are intended to make uniform the procedure for assignment to a county judge for hearing.